## New Castle Water Co., Appellant, *v.* Mahoning & Shenango Ry. & Light Co.

*Contracts—Municipalities— Water companies — Appeals — Assignments of error.*

1. An assignment of error to a decree of a court of equity will be dismissed where the decree necessarily follows from the legal conclusions of the chancellor which have not been assigned as error.

2. An assignment of error to the admission of evidence supporting a finding of fact will be dismissed where the finding of fact is not assigned as error.

3. A municipality made a contract with a water company by which the latter, for a specified annual sum, was to furnish water to the city for sprinkling and washing its streets. The city, not owning a sprinkling car, made arrangements with a street railway company by which the latter was designated and appointed as its agent to receive water from the water company, and use it in sprinkling the streets during the summer season. The water company filed a bill in equity against the street railway company to restrain it from taking water and for an accounting. The court dismissed the bill. *Held,* no error.

Argued Oct. 14, 1913. Appeal, No. 253, Oct. T., 1913, by plaintiff, from decree of C. P. Lawrence Co., Sept. T., 1911, No. 2, in Equity, dismissing bill for an injunction and for an accounting, in case of City of New Castle Water Company v. Mahoning & Shenango Railway & Light Company. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction and for an accounting. Before PORTER, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were various rulings of the trial judge and the decree of the court.

*J. Norman Martin* and *B. A. Winternitz,* with them *Norman A. Martin* and *Quincy A. McBride,* for appellant.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 5, 1914:

The bill filed in this case was for an injunction to restrain the appellee from drawing water from or through the pipes, mains, fire plugs and fire hydrants of the appellant, and for an accounting for water taken. No finding of fact by the court below has been assigned as error. Only those that are material need be recited.

Appellant is a corporation organized under the Act of Assembly of 1874, and the supplements thereto, for the purpose of supplying water to the public, to individuals, firms and corporations residing or doing business in the City of New Castle and in the districts adjacent thereto. The appellee is a corporation created under the Act of March 22, 1887, and operates an electric street railway on the public streets of the said city. The appellant, some years ago, erected, constructed and has since maintained reservoirs and a filtration plant for supplying water to the said city and the inhabitants thereof, and has entered upon the public streets and highways of the said city, and laid down, maintained, and is still maintaining, pipes and mains for transporting, conveying and distributing water. On December

30, 1901, the appellant entered into a contract with the City of New Castle, by the terms of which it agreed, in consideration of the sum of $7,000 per year paid to it by the city, to furnish water to the city for sprinkling and washing its streets. For several years before this bill was filed the appellee, without the consent of the appellant, and against its protest, almost daily during the summer months opened its fire plugs and fire hydrants many times each day, drawing large quantities of water from the pipes and mains, through the said fire plugs and fire hydrants, into a sprinkling car, and by means of this car, owned by the appellee, conveyed the water so taken from the said pipes and mains along and over the street railway operated by it and discharged the same from the said sprinkler upon certain parts of the streets and highways of the city between the railway tracks and for a short distance on either side of them. The city did not own a sprinkling car, or any other apparatus suitable and convenient for sprinkling its streets. Beginning with the summer season of 1903, it designated and appointed the appellee to receive water from the appellant for the purpose of sprinkling the streets on which the street railway tracks were laid, and, under that authority, the appellee has taken the water of the appellant each summer season when and as often as the same has been necessary for sprinkling such streets; and it sprinkled the same not only over the portions on which its tracks are laid, but for a distance of from two to two and one-half feet outside the said tracks in the space between them and the curb lines. No water has at any time been taken or used by the appellee on any other authority or for any other purpose. In March, 1909, the appellant and the city renewed and continued the contract then existing between them, the renewal to take effect December 31, 1911. By the renewal the former contract was continued and was in force when this bill was filed. On June 29, 1911, the following resolution, passed by the councils of the City of New Castle, was ap-

proved by the mayor: "Resolved, 1. That the City of New Castle Water Company be, and the same is hereby instructed to furnish to the Mahoning & Shenango Railway & Light Company such amount or quantity of water as the latter may need in the sprinkling of streets in the City of New Castle, the same to be furnished in pursuance of the contract made between the City of New Castle and the City of New Castle Water Company wherein said water company agreed to furnish to the said city water for the sprinkling of streets. 2. The Mahoning & Shenango Railway & Light Company has authority to take water from the fire hydrants of the said city for the purposes aforesaid, the hydrants from which the water is to be taken to be designated by the chief of the fire department." Two months after the approval of the foregoing resolution this bill was filed.

The complaint of the appellant is, not that the appellee is using its water for the purpose of sprinkling the streets of the City of New Castle, but that, before it can do so, it must enter into some agreement or contract to pay for the same. It is not pretended that the city itself could not take all the water needed for sprinkling purposes, for neither in the contract of December 30, 1901, nor in its renewal, is there any limitation upon the quantity of water to be furnished by the water company to the city for sprinkling its streets; but it is contended that, though this be true, the city cannot delegate to the appellee the right to take water for sprinkling purposes, and, therefore, when it took the same for such purposes, it became a trespasser, continuing its trespasses from day to day, to enjoin which this bill was filed. The city had the undoubted right to sprinkle its streets, and, in the exercise of that right, it was not required to sprinkle all of them, or any of them, from curb to curb. To enable it to sprinkle its streets, or portions of them, the water company, for a sufficient consideraiton passing to it from the city, agreed to furnish all water needed for sprinkling purposes, and in the contract to do this there

is neither direction, limitation nor restriction, even by implication, as to the method or manner of putting the water on the streets. The city was not required to sprinkle the streets with its own sprinklers, but could have employed others owning sprinklers to do the work for it, and to those the water company would as certainly be required to furnish water as it would be to the city, if doing the work itself. This is just the situation here presented, for, beginning with the summer season of 1903, the city designated and appointed the appellee to act for it in sprinkling certain portions of the streets. What consideration passed between it and the appellee is none of the appellant's concern, for the appellee, as the representative of the city for sprinkling purposes, is but taking water which the city itself could concededly take for those purposes.

We have already observed that no finding of fact by the court below has been assigned as error, and, as a complete answer to appellant's claim that the appellee is a trespasser, and ought to be compelled to pay for the water it takes for sprinkling purposes, we quote the following from the 21st and 22d findings: "The water taken by the defendant from plaintiff's pipes and mains through the fire hydrants and fire plugs, and carried away in defendant's sprinkling car, was the property of the plaintiff, but when placed in the sprinkling car it became that of the City of New Castle for the purpose of sprinkling the streets, as it was the duty of the plaintiff under its contract with the city to furnish water for sprinkling purposes, and the defendant in obtaining the water and sprinkling the streets did so as the representative of the city. The defendant continued as the representative of the city to take water at the direction of the city from the mains of the plaintiff for the purpose of sprinkling the streets on which the street railway tracks were laid, the defendant procuring such water at all times from the plugs or hydrants designated for such purposes by the chief of the fire department as

the representative of the city. In so doing the defendant took no water that was not reasonably necessary for the purpose of sprinkling the streets in the city on which street railway tracks were laid, and used no water for any other purpose whatever."

This appeal might well be dismissed on the unchallenged findings of fact, but it is proper to also note that not one of the legal conclusions of the learned chancellor has been assigned as error, and the decree dismissing the bill inevitably followed them. Six of the nine are as follows: "2. The defendant company, being incorporated under the provisions of the Act of March 22, 1887, as a traction or motor power company, does not have the right or power to conduct a street sprinkling business, and the business of sprinkling streets and highways is not within its corporate rights and powers. But the city has the power to require it to sprinkle the streets used by it in operating its cars under the police power of the city, and said city may authorize it to receive the water which the city has a right to receive by the contract between the city and the water company for the purpose of sprinkling streets. 3. The use of water mentioned in the bill for sprinkling the streets in the city on which the lines of street railway were laid and operated, was within the purposes contemplated by the terms of the contract between the city and the plaintiff under which the plaintiff agreed to furnish and supply water to the city for sprinkling purposes. 4. The facts and circumstances under which defendant received and used the water for street sprinkling constituted the defendant the representative of the city for such purpose, and defendant had the right and authority to receive the water for street sprinkling from the plaintiff which the plaintiff owed to the city for such purpose under the contract between the city and the plaintiff. 5. The plaintiff by its acquiescence in the method adopted by the city of permitting defendant to receive water due to the city under the contract, and using it to sprinkle streets for

so many years, has agreed that the language of the contract justifies such practice and method of receiving and using the water to be furnished by the plaintiff to the city for the purpose of street sprinkling. 6. Having agreed with the city for a renewal of such contract for another term, while the practice of permitting the defendant to receive water due to the city for street sprinkling and using it to sprinkle streets was in full operation, plaintiff cannot now be heard to say that the language of the contract does not authorize the city to have the defendant receive water due to the city under the contract and use it in sprinkling streets. 7. The defendant in receiving and using the water from plaintiff's mains for sprinkling streets of the city on which defendant operated lines of street railway, at the direction of the city and as the agent or representative of the city to sprinkle such streets, was not a trespasser upon the property of plaintiff and the acts of the defendant in the premises were not wrongful in the sense of being subject to restraint by a court of equity."

The first and second assignments complain of the admission of the testimony of Cukerbaum and McCaskey, because the court referred to and commented upon it in the twelfth finding of fact. That finding, even if a material one, has not been, as already stated, assigned as error. On the facts found and the legal conclusions reached by the learned court below the decree is affirmed at appellant's costs.